```
                              FILED
                          CLERKS OFFICE
      UNITED STATES DISTRICT COURT
           DISTRICT OF MASSACHUSETTS 2013 JUL 30 P 3: 27

                                   US DISTRICT COURT
Boston, MA.                        1:13-cv-10533-MASS
```

Terrence Rothman pro se
    Plaintiff-Appellant
V.

Lawrence S. Bacow
John M. King
Tufts University and Tisch Library
Laura Walters Librarian Tisch Library
Three DCA employees of Tisch Archive
"Cindy" employee Tufts Office of Equal Opportunity
    Defendants- Appellees

**Amended Complaint**

1. Plaintiff pro se Terrence Rothman is a resident of Cambridge, Massachusetts, Middlesex County, a citizen of the United States.

2. The defendant Lawrence S. Bacow is a resident of Brookline, Massachusetts, Suffolk County and a citizen of the United States.

3. The defendant John M. King is a resident of _____ county and a citizen of the United States.

4. The defendant Tufts University and Tisch Library are located in Medford, Middlesex County

5. Laura Walters employee of Tisch Library Tufts University.

6. The Three "Digital Collections Archives" employees of Tisch Library.

7. "Cindy" employee of Office of Equal Opportunity Tufts University.

Page 1

Instant case seems to deal with the following Statutes:

Constitution, Statutes and Regulations:

First Amendment (Establishment Clause)

U.S. Constitution Article 1 Section 8 Clause 3

USC 44 1901 -1916 Federal Depository Library (FDL)

Americans with Disability Act of 2008 (Title III) and Technical Assistance Manual

42 USC 12182

42 USC 12186 (b)

42 USC 12188 (b)

Section 308 (b) (2) (ii) 42 USC 12188 (b) (A) (ii)

42 USC 12206 (c) (3)

Civil Rights Act of 1964 (Title VII)

42 USC 2000e

Section 702, 42 USC 2000e

Education Amendments Act Title IX

20 USC 168 (a) (3)

Rehabilitation Act Section 504 USC 794

504, 29 USC 794

28 USC 1291, 1331,

28 CFR Part 36 (1993)

28 CFR Part 36 App B (1993)

28 CFR 36, 302 (a)

Intrastate Commerce Act 49 USCA para. 1

MGLA c 93 paragraph 102 (b) and 103 (b) damages

MGL 151 B

MGL 272 ,98              Page 2

501 ( c ) 3 Charity Act

Jurisdiction

8. This court has jurisdiction over this matter pursuant 28 USC 1332, and Title 44 U.S.C. 1901-1916 (2010) of the Federal Depository Library Act legal requirements and the above statutes.

Facts

9. On or about April 24, 2009 Plaintiff pro se provided Tisch Librarian Paulette Johnson, who passed it to, and Laura Walters, a written three page reasonable accommodation (RA) request, complete with his disability diagnosis. The request was originally established as a housing accommodation in 2007, and is of a standard form used for such purposes. The RA is easily understandable and straight forward.

A cover letter was addressed to Head Librarian Tisch University Library. Laura Walters, PhD is Assistant Director of the Tisch library, Plaintiff pro se communicated with Laura Walters through e mail.

10. Defendants Tisch Library is a place of public accommodation and FDL member. It is located at Tufts 35 Professors Row, Medford MA. 02155. It's FDL membership carries specific requirements clarified under USC 44 1901-1916. The FDL program publishes a Handbook which specifies the requirements to its member libraries. The handbook caries the title " Legal Requirements and Program Regulations of the Federal depository Library Program." The depository

collection must be available for all library patrons, including those with disabilities." In addition 22 of the handbook states "Publically accessible computer equipment must meet the public need for the depository collections. Users must have the opportunity to view, download, photocopy, and print relevant depository content that is available in online and electronic resources." A librarian of each member library is required to enforce the requirements of the program regulations. Member libraries must abide by the requirements of the ADA and implement non-discriminatory policies toward the disabled. Among They are required also to provide public access to the federal material provided member libraries through the FDL. Under the section "General Public" (Page 6 #34) we read; "Depository libraries must provide free access to FDLP information resources in all formats to any member of the general public without any impediments, such as age limitations, technology barriers, or residency status limitations." In reference to the security questions of member libraries' nr, 40 of a recent FDL handbook reads: 11."Security measures to protect library users, staff and collections are permitted, provided that access to depository collections is not hindered. All depository users must adhere to the same standards of behavior expected of other library users. Depository libraries have the right to bar, under specific conditions clarified under FDL, or remove any individual who

"poses a threat" to library staff, other patrons or the security of their collection." Tisch Library is also a place of public accommodation and has a canteen located in the library and frequented by the general public. This provides for an interstate commerce, aspect for the public and binds Tufts University administrators to specific federal requirements.

12. Plaintiff pro se visited the defendants library frequently after April 24, 2009 to conduct legal research. And did so without any incident. During this time he was in contact with FDL librarian Walters. Plaintiff confirmed from time to time that he was working at the library and was grateful for the opportunity. Plaintiff was homeless at the time and spent many hours on this activity. Plaintiff was not made aware of any restrictions regarding his work at the computers in the library.

13. The following information became known through an administrative process examining discrimination. The process at MCAD did not, however, allow Plaintiff pro se to conduct discovery himself. It is therefor unclear what decisions were enacted by Tufts University leadership regarding its FDL and the requirements of the Handbook concerning the ADA. At some point in time a CDA librarian, identity unknown, made a complaint about Plaintiff pro se to the FDL library leadership. Plaintiff pro se was not

aware of any complaint, and was not addressed by any staff member at any time, concerning a complaint. Apparently the librarian made a further complaint and notified Tufts private police force.

14. Plaintiff pro se was working at a public FDL computer when Tufts police addressed him March 17, 2010, asking if he was a student or faculty and that he needed to identify himself. Plaintiff did so, and explained that he was a member of the public and that he had an agreement with the library Ms. Walters about his use of the computers and his research. Tufts police demanded Plaintiff pro se accompany them immediately or be arrested. Tufts security walked Plaintiff out of the library and said that he was issued a no trespass warning and could not return to the library or the campus. Plaintiff asserts this decision was a violation of his civil rights as accorded him through the FDL library Act and its requirements in place at that library. Plaintiff believes it was also a violation of his reasonable accommodation in place there since April of 2009, and went immediately to search University administration in an effort to mitigate what had just happened.

15. Shortly thereafter Plaintiff pro se found an Office of Economic Opportunity (OEO) office in the Administration Building Ballou Hall, adjacent to Tisch library, and spoke with an administrator introduced as "Cindy". He entered the Office and explained his situation, while seated, to an the clerk. Plaintiff pro se was specific about the process leading to the

agreement with library staff mentioning the work he was doing at the Tisch library. The clerk listened, took some notes than asked Plaintiff pro se wait in the hall outside that office. Rothman did so.

16. Minutes later a number of Tufts private police arrived. Plaintiff pro se was told that he had violated his no trespass warning issued (spoken not written) about thirty minutes earlier 50 yards from Ballou Hall University Administration building, at the front of the library. All of his belongings were immediately searched by Tufts police, and then taken from him, he was hand-cuffed and led to a Tufts police car some distance from Ballou Hall. He was placed in the car and driven about 30 minutes to a Summerville police station. All his belongings were searched again, he was finger-printed and booked for trespassing and inciting a disturbance, and locked in a jail cell. He was arraigned, tried in criminal court under Docket 1010CR0568 and sentenced to three months probation. The conditions were that he must stay away from Tufts University Medford campus entirely. There was no hearing on the discrimination issue.

17. Plaintiff pro se entered a timely administrative complaint 10BPA03399 with Massachusetts Commission Against Discrimination. MCAD , did not establish the identity of the CDA librarians , or apparently did not provide any interrogatories to establish affidavits to their testimony. Some months later MCAD issued a "lack of probable cause" decision. Plaintiff pro se appealed

that decision and requested the case be returned for further investigation. Plaintiff was denied further a investigation.Plaintiff pro se later placed a motion for a full-panel review with MCAD of case 10BPA03399.

17. On April 14, 2010 John M. King, Senior Director of Public and Environmental Safety at Tufts University sent Plaintiff a letter asserting he ,Plaintiff pro se, could not return to Tufts University Library and that it was not a place of public accommodation. Mr. King also stated in his letter, "…Tufts University is not in a position to grant your request for a "reasonable accommodation". You are neither a Tufts employee nor a student." Both statements disregard positions in federal law.

18.Plaintiff has had no hearing on the discrimination issue to the extent that the discrimination against his person within the above listed facts, may have been purposeful, directed, and authorized. There has been no opportunity to establish the conditions surrounding a disregard for the requirements of the FDL Act. This is unfortunate and remarkable considering the FDL requirements cited in paragraph 8 (eight) above. In addition there is a FDL requirement that the participating libraries provide a librarian whose responsibility it is to insure the implementation of FDLA regulations. Plaintiff pro se's efforts to establish a RA with Defendants was unfortunately disregarded in the moment when it could have been useful. An effort by Defendants FDL librarians to try out Plaintiffs requested "mediation"

of disputes in his RA, might have helped interpret his mental disability to Defendants, and could have avoided this litigation. This fact may justify the unusual procedural request of listing unknown persons as defendants in a civil case. An examination and decision of the above issues and the responsibility for failure of a major University to fail in the implementation of clearly defined federal requirements can best be served through testimony and a decision by a jury of Plaintiffs piers.

19. Plaintiff pro se motions the court for Relief. Plaintiff pro se has been required over three years, to represent his position in two court systems, without examination of the conditions surrounding the disregard of federal statutes. He has not been allowed Discovery in either court. He has had to defend efforts to criminalize his person after the arrest by Defendants personal. These efforts have required some financial sacrifice and cost. Plaintiff is indigent and mentally ill. Just one week after Plaintiffs arrest, on March 26,2010 Defendants issued a revised position to Americans with Disabilities Act Policy, through OEO and Affirmative Action office. The same office Plaintiff pro se was speaking with at the moment of his arrest at Ballou Hall, one floor below defendant Bacow's office.

20. Plaintiff Motions the court for a monetary settlement in keeping with the efforts to regain civil rights denied him by defendants disregard for federal

statutes. The amount of the settlement may consider compensation and reasonable fees of having had to conduct the legal procedures in three courts.

21. Defendants are a 501 (c) (3) charitable institution and have extensive research and grant programs and engage extensively in intrastate commerce.

## Motion for pre Service Discovery

22 Plaintiff pro se moves to be allowed to establish the identity of the CDA librarians and the OEO employee with whom he was speaking at the time of his arrest and cited as Defendants in the instant case. Plaintiff moves the court to permit this to take place before service and to allow an extension of time to establish the identity of the central witnesses in this case. Plaintiff has begun the process and hopes that in one month, the identities will be made. In alternative thereto that Defendants can be named as above until Discovery, after service, in this case allows ,it is hopped, the establishment of their identities.

## Motion for Relief

23.Plaintiff moves the court to find Defendants responnsible of violation of his constitutional civil rights, disregard for the conditions of the FDL library, and disregard for the conditions expressly

agreed to in his RA of April 24,2009. Plaintiff pro se ask the court to find Defendants guilty of conspiring to deny him the opportunity as a member of the general public to use FDL facilities and preventing his use of Intrastate commerce, by arresting him and issuing a no trespass warning without cause, and of retaliating against him when he attempted to negotiate at OEO and rectify the error against him just minutes earlier. Defendants have violated his rights to take part in interstate commerce and to use the cafeteria located in the Tisch library. Plaintiff pro se asks the court to find Defendants guilty blatant disregard of ADA AA of 2008 disregard of reasonable accommodation agreement, discrimination against a person with disability, after being made aware of his disability under ADA. Plaintiff pro se moves to be reinstated in the use of Defendants FDL and to be compensated for the costs and time incurred in his efforts to rectify this injustice. In addition his arrest and humiliation and extensive inconvenience in a criminal prosecution should be considered. Plaintiff moves to have defendant's , a  heavy endowed 501 ( c ) (3) establish an  office dedicated to overcoming discrimination against the mentally disabled.

24. In addition some kind of sensitivity training for Tufts Tisch University staff concerning the difficulties of mentally disabled to function in spaces like the environment Defendant created and enforced, should not be disregarded. The organization M-Power in Boston is qualified to conduct such trainings.              Page 11

Motion for Legal Representation

25. Plaintiff pro se motions the court to allow an attorney to represent his interests in this case. Plaintiff pro se has no experience in U.S. District Court procedures and is concerned about meeting the standards and requirements of the high court. It is believed that an attorney qualified in disability and civil rights law could adequately represent the important federal issues addressed in this case.

24. Motion to allow Plaintiffs use of computer in Courthouse Plaintiff also motions the court to allow him to bring his laptop computer into the courthouse. This devise stores the material required to file the papers in the suit listed here and required to be formulated through an electronic website. The printed version of the electronic material is disproportionately costly when compared with its production. In addition Plaintiff pro se may be required to conduct the case in the future.

Plaintiffs Petitions the Court for a Trial by Jury of his peers and for Relief .

Cambridge MA. 7.30.2013 _____

Name Terrence Rothman
285 Third Street Unit 532
Cambridge, MA. 02132
617 494 0852
Helmsman250@gmail.com